JESSE A. BUSS, OSB # 122919
WILLAMETTE LAW GROUP
411 Fifth Street
Oregon City OR 97045-2224
Tel: 503-656-4884
Fax: 503-608-4100
Email: jesse@WLGpnw.com

Attorney for Plaintiffs
COMMITTEE TO RECALL DAN HOLLADAY,
JEANA GONZALES, and ADAM MARL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **COMMITTEE TO RECALL DAN HOLLADAY, JEANA GONZALES,** and **ADAM MARL,**<br><br>Plaintiffs,<br><br>vs.<br><br>**KATTIE RIGGS**, City Recorder for Oregon City, in her official capacity,<br><br>Defendant. | Case No. 3:20-cv-01631<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

**OVERVIEW OF CASE**

1.     Plaintiffs are the proponents of a municipal recall petition directed against Oregon City Mayor Dan Holladay. They bring this action to challenge Oregon's statutory 90-day signature gathering deadline as inconsistent with Article II, section 18 of the Oregon Constitution

and the First and Fourteenth Amendments to the U.S. Constitution. Plaintiffs assert both facial and as-applied constitutional challenges.

2. Article II, section 18 of the Oregon Constitution creates the recall power, which allows voters to remove any public elected official from office via special election. To qualify for the ballot under section 18, recall proponents must file a prospective recall petition and obtain the signatures of 15% of the number of district electors who voted in the most recent four-year gubernatorial election. To trigger a recall election in Oregon City in 2020, the required number of signatures is 2,400.

3. The Oregon Constitution contains no deadline for the gathering of recall petition signatures, and does not authorize the Oregon Legislature to adopt such a deadline. Therefore, ORS 249.875(1), which purports to impose a 90-day signature gathering deadline for all recall petitions, is void as facially inconsistent with Article II, section 18 of the Oregon Constitution.[1]

4. Even if the Oregon Constitution does permit the legislature to adopt a statutory deadline for recall petition signature gathering, the 90-day deadline set forth in ORS 249.875(1) is so short, so unrealistic, and so burdens the recall power, that it impermissibly infringes on the peoples' right to recall their elected officials. This is particularly true during the COVID-19 pandemic, which has created unprecedented barriers to traditional signature-gathering efforts. For these reasons, ORS 249.875(1) is void as applied under Article II, section 18 of the Oregon Constitution.

---

[1] Regulations implementing ORS 249.875(1) contain the same 90-day deadline. *See* OAR 165-014-0005(2) (designating 2020 Recall Manual); 2020 Recall Manual at 4, 6, 10 (90-day limitation on signature gathering). Whenever plaintiffs herein challenge the 90-day deadline contained in ORS 249.875(1), they also challenge the 90-day limitation contained in the 2020 Recall Manual.

5. Signature gathering for ballot petitions is core political speech under the First Amendment. The 90-day deadline contained in ORS 249.875(1) facially violates the First Amendment, as made applicable to the states through the Fourteenth Amendment, because it impermissibly burdens core political speech.

6. If the 90-day deadline contained in ORS 249.875(1) is not facially void under the First Amendment, it is void as applied under the First Amendment because of the great burden of obtaining adequate recall petition signatures, in only 90 days, during the COVID-19 pandemic.

7. To preserve and defend the peoples' recall right, plaintiffs seek declaratory and injunctive relief declaring ORS 249.875(1) unconstitutional facially and as applied, and enjoining defendant from enforcing it.

## PARTIES

8. Plaintiff **COMMITTEE TO RECALL DAN HOLLADAY** is a recall petition committee formed under ORS 260.118 to support Petition 2020-01, the prospective recall petition filed by Jeana Gonzales to initiate the recall election process against Oregon City Mayor Dan Holladay.

9. Plaintiff **JEANA GONZALES** is an Oregon City elector and the chief petitioner of Oregon City Petition 2020-01. A civically active resident, Ms. Gonzales is the co-founder of Unite Oregon City, a grass-roots community non-profit with the following mission statement:

> "Unite Oregon City is an active non-partisan volunteer group working to create an inclusive community where all voices are heard and respected. Our mission is to promote equity and acceptance within the community of Oregon City and surrounding areas, rejecting prejudice based on, but not limited to, ethnicity, cultural background, age, gender identity, sexuality, socioeconomic status, disability, citizenship status, spiritual faiths, skin color and country of origin."

Ms. Gonzales also intends to participate in future recall petition campaigns at both the local and state level.

PAGE 3 OF 15 - COMPLAINT - DECLARATORY AND INJUNCTIVE RELIEF

10. Plaintiff **ADAM MARL** is an Oregon City elector and the campaign manager for the Committee to Recall Dan Holladay. Active in politics since he was 15 years old, Mr. Marl is also currently serving as the campaign manager for Jeff Gudman, the Republican candidate for Oregon State Treasurer. Now a senior at Willamette University, Mr. Marl is scheduled to graduate with a B.A. in Politics, Policy, Law, and Ethics, along with a minor in Civic Communication and Media. Mr. Marl's professional plans include political campaign management, political consulting, and related work. In both his personal and professional capacities, Mr. Marl intends to participate in future recall petition campaigns at the local and state level.

11. Defendant **KATTIE RIGGS** is the City Recorder for the City of Oregon City and the recall election filing officer for Petition 2020-01. ORS 249.865 *et seq.*; OAR 165-014-0110(2)(a). In that capacity Ms. Riggs is the responsible elections officer under Article II, section 18(6) of the Oregon Constitution, which reads: "The recall petition shall be filed with the officer with whom a petition for nomination to such office should be filed, and the same officer shall order the special election when it is required." Ms. Riggs is named only in her official capacity.

## JURISDICTION AND VENUE

12. This court has jurisdiction over plaintiffs' First and Fourteenth Amendment claims under 42 U.S.C § 1983 pursuant to 28 U.S.C. §§ 1331 (federal question), 1343 (civil rights jurisdiction), 2201 (declaratory relief), and 2202 (injunctive relief). This court has concurrent jurisdiction over plaintiffs' Oregon state law claims, *see Lane v. Wilson*, 307 U.S. 268, 274-75 (1939), and plaintiffs have exhausted any available administrative remedies.

13. This court has personal jurisdiction over defendant Riggs because she is the City Recorder for Oregon City, which is located in Clackamas County in the State of Oregon. Further, Ms. Riggs resides and maintains her office in the State of Oregon.

14. Venue is properly vested in this court pursuant to 28 U.S.C. § 1391(b) because all parties reside or have their principal offices located in Oregon, and the events or omissions giving rise to the claims occurred and will continue to occur in Oregon.

15. This case is properly filed in Portland, Oregon and is properly before the Portland Division of this District pursuant to Local Rule 3-2(b) because Ms. Riggs' office is located in Oregon City, Clackamas County, State of Oregon, and the events giving rise to this action took place in Oregon City.

**FACTS**

16. On June 22, 2020 plaintiffs filed with City Recorder Kattie Riggs a prospective recall petition against Oregon City Mayor Dan Holladay. *See* Ex. 1 (prospective petition). The prospective petition contains the following statement regarding the reasons for the recall:

> Citizens of Oregon City are uniting to demand ethical and accountable leadership from the mayor's office.
>
> All four Oregon City Commissioners want to see Dan Holladay resign, but they do not have the power to remove him--only we, the people, do.
>
> - Holladay is the subject of a misconduct investigation ordered by the four Oregon City Commissioners.
> - Taxpayers are footing the bill for multiple lawsuits related to Holladay's corrupt business deals and behavior.
> - Holladay was officially censured on June 17, 2020 for "injuring the good name of Oregon City, disturbing its well-being, and hampering its worth."
> - Holladay exhibits dishonest and irresponsible behavior, abusing the power of his office.

> - Holladay uses his office to silence and denigrate the voices of elected colleagues and constituents who disagree with him.
> - Holladay was the only mayor out of all 26 in the metro area to refuse to sign a statement condemning systemic racism and committing to address it at the local level.
> - Holladay's actions damage our city's reputation, hindering local economic development.
> - Our Commissioners agree: Holladay is impeding the work of the city.
> - "Please resign." - Commissioner Rocky Smith
>
> www.RecallDanHolladay.com

17. The next day, on June 23, 2020, defendant Riggs accepted the prospective petition and issued cover and signature sheets for use in signature gathering. *See* Ex. 2 (cover and signature sheets). Ms. Riggs also approved an electronic signature sheet for use in signature gathering. *See* Ex. 3 (electronic signature sheet).

18. At the time she approved the prospective petition for signature gathering, Ms. Riggs established a minimum threshold of 2,400 valid signatures to trigger a recall election. *See* Or. Const, Art. II, § 18(2) (default recall election threshold is signatures equal to 15% of the number of electors who voted for Governor in the electoral district at the most recent election at which a candidate for Governor was elected to a full term).

19. Relying on ORS 249.875(1), Ms. Riggs has established a 90-day signature submission deadline. That deadline expires on September 21, 2020.

20. On August 14, 2020 the undersigned attorney for plaintiffs sent a letter to Ms. Riggs asking her to withdraw her September 21st deadline. *See* Ex. 4 (Aug. 14th letter). The letter explains that the statutory 90-day signature gathering deadline violates Article II, section 18 of the Oregon Constitution both on its face and as applied during the COVID-19 pandemic.

21. On August 20, 2020 Ms. Riggs responded in writing, declining to withdraw her September 21st deadline. *See* Ex. 5 (Aug. 20th letter).

22. The recall campaign, including plaintiffs' signature gathering efforts, have taken place entirely during the COVID-19 pandemic and the period covered by Governor Brown's related emergency orders. The COVID-19 pandemic has made traditional political petition signature gathering very difficult. The same is true of the regional fires, smoke, and related evacuations that began less than two weeks before the September 21st signature gathering deadline.

23. Despite these obstacles, plaintiffs have been creative and diligent in their signature gathering efforts, and have gathered over 3,200 raw signatures. All of those signatures will be submitted for verification on or before the September 21, 2020 deadline imposed by Ms. Riggs. However, until signature verification is completed, plaintiffs will not know if they have submitted enough valid signatures (2,400) to qualify for a special recall election. Signature verification is scheduled to be completed on or before October 1, 2020.

24. If plaintiffs do not submit at least 2,400 valid signatures on or before September 21st, Ms. Riggs will refuse to call a special recall election even if plaintiffs submit an adequate number of valid signatures after that date.

25. Plaintiffs' entire campaign and signature gathering strategy was shaped by the pressure of the 90-day signature gathering deadline imposed by Ms. Riggs pursuant to ORS 249.875(1). That strategy was more expensive, more difficult, and more likely to fail than it would have been had it not been burdened by a 90-day signature gathering deadline.

# LEGAL FRAMEWORK

## The Recall Right (Or. Const., Art. II, § 18)

26. Adopted via initiative in 1908, Oregon's recall right is contained in Article II, section 18 of the Oregon Constitution, which states in full as follows:

"(1) Every public officer in Oregon is subject, as herein provided, to recall by the electors of the state or of the electoral district from which the public officer is elected.

"(2) Fifteen per cent, but not more, of the number of electors who voted for Governor in the officer's electoral district at the most recent election at which a candidate for Governor was elected to a full term, may be required to file their petition demanding the officer's recall by the people.

"(3) They shall set forth in the petition the reasons for the demand.

"(4) If the public officer offers to resign, the resignation shall be accepted and take effect on the day it is offered, and the vacancy shall be filled as may be provided by law. If the public officer does not resign within five days after the petition is filed, a special election shall be ordered to be held within 35 days in the electoral district to determine whether the people will recall the officer.

"(5) On the ballot at the election shall be printed in not more than 200 words the reasons for demanding the recall of the officer as set forth in the recall petition, and, in not more than 200 words, the officer's justification of the officer's course in office. The officer shall continue to perform the duties of office until the result of the special election is officially declared. If an officer is recalled from any public office the vacancy shall be filled immediately in the manner provided by law for filling a vacancy in that office arising from any other cause.

"(6) The recall petition shall be filed with the officer with whom a petition for nomination to such office should be filed, and the same officer shall order the special election when it is required. No such petition shall be circulated against any officer until the officer has actually held the office six months, save and except that it may be filed against a senator or representative in the legislative assembly at any time after five days from the beginning of the first session after the election of the senator or representative.

"(7) After one such petition and special election, no further recall petition shall be filed against the same officer during the term for which the officer was elected unless such further petitioners first pay into the public treasury which has paid such special election expenses, the whole amount of its expenses for the preceding special election.

> "(8) Such additional legislation as may aid the operation of this section shall be provided by the legislative assembly, including provision for payment by the public treasury of the reasonable special election campaign expenses of such officer. But the words, "the legislative assembly shall provide," or any similar or equivalent words in this constitution or any amendment thereto, shall not be construed to grant to the legislative assembly any exclusive power of lawmaking nor in any way to limit the initiative and referendum powers reserved by the people."

27. Article II, section 18 contains no time limitation on signature gathering, except for the obvious and implicit requirement that signatures be gathered during the elected official's term of office.

28. Nor does section 18 authorize the legislative assembly to establish a time limitation for signature gathering. Although subsection (8) authorizes the Oregon Legislature to enact statutes "as may aid the operation of this section," the Oregon Supreme Court has interpreted the word "aid" in section 18 to mean "to support, help, or assist." *State ex rel. Clark v. Harris*, 74 Or 573, 580 (1914). A statutory signature gathering time limitation does not "support, help, or assist" the operation of section 18. Instead, such a statutory time limit impermissibly curtails and burdens section 18's self-executing recall power. *See Harris,* 74 Or at 585 (section 18 is self-executing and requires no implementing legislation).

29. Subsection 18(2) imposes a ceiling on how many signatures recall petitioners may be required to file in order to trigger a special recall election. That maximum threshold is 15% of the number of electors who voted for Governor in the electoral district at the most recent election at which a candidate for Governor was elected to a full term. *Id.* Section 18 does not specify a minimum threshold for signatures.

30. The Oregon Supreme Court has held that, in the absence of legislation or a municipal charter provision electing a lower percentage threshold for recalls, the maximum percentage threshold applies. *See Harris*, 74 Or at 579-80 (applying maximum percentage

threshold of 25 percent under original version of Article II, section 18); *State ex rel. Postlethwait v. Clark*, 143 Or 482, 488 (1933) (looking first to the charter of the City of Baker in evaluating applicable recall procedure). Therefore, in the absence of an applicable local or statewide downward election, the default signature threshold for recalls is 15%. The Oregon Legislature has elected the 15% maximum, *see* ORS 249.870, while Oregon City has not made an affirmative election, and therefore defaults to the 15% threshold.

### The Statutory 90-Day Limitation - ORS 249.875(1)

31. As part of the 1933 recall legislation package, the legislative assembly adopted the 90-day signature gathering limitation as part of what became *former* O.C.L.A. 81-2202. That statute was renumbered as *former* ORS 254.420 in 1953, and became ORS 249.875(1) in 1979.

32. The current statute, ORS 249.875(1), reads as follows:

> "A recall petition shall be void unless completed and filed not later than the 100th day after filing the prospective petition described in ORS 249.865. **Not later than the 90th day after filing the prospective petition the petition shall be submitted to the filing officer** who shall verify the signatures not later than the 10th day after the submission. The filed petition shall contain only original signatures. A recall petition shall not be accepted for signature verification if it contains less than 100 percent of the required number of signatures. The petition shall not be accepted for filing until 100 percent of the required number of signatures of electors have been verified."

*Id.* (bolding added).

33. No known Oregon trial court or appellate decision has ever addressed the constitutionality of the 90-day signature gathering limitation.

# FIRST & FOURTEENTH AMENDMENTS

34. The First Amendment to the U.S. Constitution states as follows:

"Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise therefore; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble and to petition the government for a redress of grievances."

U.S. Const., Am. 1. The First Amendment is applicable to the states via the Fourteenth Amendment. *Gitlow v. New York*, 268 U.S. 652 (1925).

35. The First and Fourteenth Amendments secure the rights of Oregonians to speech and political expression free from government interference or hindrance. Circulation of petitions is core protected speech. *Prete v. Bradbury*, 438 F.3d 949, 961 (9th Cir. 2006); see also *Meyer v. Grant*, 486 U.S. 414, 420 (1988).

36. Regulations and restrictions on the right to vote and engage in political expression is assessed under the sliding-scale standards established by *Anderson v. Celebrezze*, 460 U.S. 780 (1984) and *Burdick v. Takushi*, 504 U.S. 428 (1992). If a severe burden on these rights is established, then strict scrutiny applies. *See, e.g.*, *Harper v. Virginia Board of Elections*, 383 U.S. 663 (1966); *Angle v. Miller*, 673 F.3d 1122, 1133 (9th Cir. 2012).

# CLAIMS FOR RELIEF

### First Claim for Relief
### (Violations of Or. Const., Art. II, § 18 – Undue Burden on Recall Right)
### (ORS 28.010 *et seq* and ORS 246.910(1))

37. Plaintiffs reallege and incorporate by reference all prior paragraphs into each of the counts set forth below.

### COUNT ONE

38. The 90-day signature gathering limitation contained in ORS 249.875(1) does not "aid," unduly burdens, is not authorized by, and facially violates the recall right of Article II, section 18 of the Oregon Constitution, and is therefore void and unenforceable. Accordingly, the September 21, 2020 signature gathering deadline imposed by defendant has no force or effect.

### COUNT TWO

39. Even if the 90-day limitation is not facially invalid under the Oregon Constitution, it is void as applied under the circumstances. Specifically, in light of the COVID-19 pandemic and the impacts of the recent regional fires, smoke, and related evacuations, the 90-day signature gathering limitation contained in ORS 249.875(1) is void as applied under Article II, section 18 of the Oregon Constitution. Accordingly, the September 21, 2020 signature gathering deadline imposed by defendant has no force or effect.

**Second Claim for Relief**
**(Violations of 1st and 14th Amendments – Undue Burden on Ballot Access
and Rights to Freedom of Speech and Association)
(42 U.S.C. § 1983, 28 U.S.C. §§ 1331, 1343, 2201, and 2202)**

40. Plaintiffs reallege and incorporate by reference all prior paragraphs into each of the counts set forth below.

COUNT ONE

41. The 90-day signature gathering limitation contained in ORS 249.875(1) unduly burdens core political speech and is facially invalid under the First and Fourteenth Amendments.

COUNT TWO

42. Even if the 90-day limitation is not facially invalid under the First and Fourteenth Amendments, it is void as applied under the circumstances. Specifically, in light of the COVID-19 pandemic and the impacts of the recent regional fires, smoke, and related evacuations, the 90-day signature gathering limitation contained in ORS 249.875(1) unduly burdens core political speech and is void as applied under the First and Fourteenth Amendments.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that the court:

    A.    Declare the 90-day limitation on signature gathering contained in ORS 249.875(1), and all implementing administrative rules, facially void under Article II, section 18 of the Oregon Constitution;

    B.    Declare the 90-day limitation on signature gathering contained in ORS 249.875(1), and all implementing administrative rules, void as applied under Article II, section 18 of the Oregon Constitution;

    C.    Declare the 90-day limitation on signature gathering contained in ORS 249.875(1), and all implementing administrative rules, facially void under the First and Fourteenth Amendments;

    D.    Declare the 90-day limitation on signature gathering contained in ORS 249.875(1), and all implementing administrative rules, void as applied under the First and Fourteenth Amendments;

    E.    Vacate and set aside Ms. Riggs' order imposing a signature gathering deadline of September 21, 2020;

    F.    Issue preliminary and permanent injunctive relief preventing Ms. Riggs from enforcing or otherwise applying the 90-day limitation on signature gathering contained in ORS 249.875(1);

    G.    Issue preliminary and permanent injunctive relief ordering Ms. Riggs to call a special recall election if and when plaintiffs obtain 2,400 verified signatures on the recall petition, irrespective of the statutory 90-day limitation, so long as the election will be held during Mayor Dan Holladay's term of office;

H. Award plaintiffs their reasonable costs, litigation expenses, and attorney fees associated with this litigation pursuant to 42 U.S.C. § 1988, ORS 183.497, and the public benefit doctrine under *Deras v. Myers*, 272 Or 47 (1975) and its progeny; and

I. Grant such further relief as the court deems just and proper.

Dated this 18th day of September 2020.

*s/ Jesse A. Buss*
Jesse A. Buss, OSB # 122919
WILLAMETTE LAW GROUP
411 5th St.
Oregon City OR 97045
Tel: 503-656-4884
Fax: 503-608-4100
Email: jesse@WLGpnw.com

Attorney for Plaintiffs Committee to Recall Dan Holladay, Jeana Gonzales, and Adam Marl

THIS COMPLAINT IS RESPECTFULLY DEDICATED TO THE MEMORY OF
THE LATE HONORABLE RUTH BADER GINSBURG, ASSOCIATE JUSTICE OF THE
SUPREME COURT OF THE UNITED STATES, MARCH 15, 1933 - SEPTEMBER 18, 2020