UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| COMMITTEE TO RECALL DAN HOLLADAY, JEANA GONZALES, and ADAM MARL, | |
| Plaintiffs, | Case No. 3:20-CV-01631-YY |
| v. | ORDER |
| JAKOB WILEY, City Recorder for Oregon City, in his official capacity, | |
| Defendant, | |
| and | |
| STATE OF OREGON, | |
| Intervenor. | |

Throughout the course of this litigation, the parties have represented that *Pullman* abstention is an appropriate vehicle for resolving any of plaintiffs' claims that survive a standing and mootness analysis. *See* State Mot. Dismiss 15-17, ECF 21 (arguing that this court should abstain under *Pullman*); Def. Corrected Mot. Dismiss 3-4, ECF 23 (joining in the state's motion and arguing that "this Court should abstain from exercising jurisdiction over Plaintiffs' claims); Pl. Opp. Mots. Dismiss 17-19, ECF 26 (noting that "the State, in suggesting a *Pullman* stay, is not entirely wrong," but then arguing that certification of an underlying question to the Oregon

1 – ORDER

Supreme Court is a more optimal method of resolving any surviving questions of state law).[1] Based on these representations, the court informed the parties on March 22, 2022 that it appeared the *Pullman* doctrine applied, and requested that plaintiffs formally file their Second Amended Complaint in the record to allow for more efficient resolution. In response, plaintiffs asked for the opportunity to file a motion to certify a question to the Oregon Supreme Court, which would present an alternative to dismissing the state law claims pursuant to *Pullman* abstention. Subsequent briefing on plaintiffs' motion to certify followed. *See* Mot. Cert., ECF 43; State Opp. Mot. Cert., ECF 44; Def. Opp. Mot. Cert., ECF 45; Pl. Reply Mot. Cert., ECF 46.

Since then, it has become apparent, contrary to the parties' positions, that *Pullman* abstention is likely *not* an appropriate vehicle for resolving any of plaintiffs' surviving claims. This is because "*Pullman* abstention 'is generally inappropriate when First Amendment rights are at stake.'" *Courthouse News Serv. v. Planet*, 750 F.3d 776, 784 (9th Cir. 2014) (quoting *Wolfson v. Brammer*, 616 F.3d 1045, 1066 (9th Cir. 2010)).[2] Here, plaintiffs' claims, including plaintiff Gonzales' surviving claim, clearly invoke the First Amendment. Second Am. Compl., ECF 42, at ¶¶ 48-50 (invoking First Amendment protections associated with speech and political

---

[1] The court is aware of plaintiffs' position that *Pullman* abstention was not appropriately raised in the state's Motion to Dismiss. *See* Pl. Opp. Mots. Dismiss 17-19, ECF 26. If plaintiffs wish to provide supplemental briefing on the questions below, they need not reiterate this argument.

[2] According to Ninth Circuit jurisprudence, there are three independent justifications for this principle. First, the *Pullman* requirement that necessitates "a sensitive area of social policy upon which the federal courts ought not enter" is "almost never" satisfied in First Amendment cases "because the guarantee of free expression is always an area of particular federal concern." *Ripplinger v. Collins*, 868 F.2d 1043, 1048 (9th Cir. 1989). Second, "there is a risk in First Amendment cases that the delay that results from abstention will itself chill the exercise of the rights that the plaintiffs seek to protect by suit." *Porter v. Jones*, 319 F.3d 483, 487 (9th Cir. 2003). And third, "constitutional challenges based on the [F]irst [A]mendment right of free expression are the kind of cases that the federal courts are particularly well-suited to hear." *Id*. (quoting *J–R Distribs., Inc. v. Eikenberry*, 725 F.2d 482, 487 (9th Cir. 1984), *overruled on other grounds by Brockett v. Spokane Arcades, Inc.*, 472 U.S. 491 (1985)).

2 – ORDER

expression); ¶¶ 54-58 (specific claims alleging facial and as-applied violations of the First and Fourteenth Amendments); *Prete v. Bradbury*, 438 F.3d 949, 961 (9th Cir. 2006) ("[T]he circulation of initiative and referendum petitions involves core political speech, and is, therefore, protected by the First Amendment.") (quotation marks omitted); *Meyer v. Grant*, 486 U.S. 414, 421-22, 425 (1988) (quoting *Grant v. Meyer*, 828 F.2d 1446, 1456-57 (10th Cir. 1987), *aff'd*, *id.*) ("[T]he circulation of a petition involves the type of interactive communication concerning political change that is appropriately described as 'core political speech'"—"an area of public policy where protection of robust discussion is at its zenith.").

In light of this development, which involves reliance on a series of cases that the parties did not cite, it is appropriate to provide the parties with an opportunity to weigh in on the issue of whether *Pullman* abstention remains an option in this case. The parties shall confer and inform the court whether they wish to provide their positions on these two questions:

> (1) In addition to the line of jurisprudence cited above, the Ninth Circuit has also stated that "there is no absolute rule against abstention in [F]irst [A]mendment cases." *Almodovar v. Reiner*, 832 F.2d 1138, 1140 (9th Cir. 1987). Does this dispute present a scenario where abstention is particularly warranted despite plaintiffs' invocation of a First Amendment claim?
>
> (2) Since the parties appear to agree that *Pullman* is an appropriate method of resolving plaintiffs' claims, can the parties waive the Ninth Circuit's general rule against *Pullman* abstention in First Amendment cases? If so, why?

If the parties wish to engage in supplemental briefing, it shall occur in the following fashion: the intervenor and defendant may each file a supplemental brief, not to exceed ten pages, addressing the above two questions.[3] Plaintiffs may then file a supplemental brief, not to

---

[3] Alternatively, if only one party or set of parties wishes to provide the court with supplemental briefing, the parties should inform the court of that decision and provide a briefing schedule.

3 – ORDER

exceed ten pages, responding to the intervenor and defendants' briefing. The parties shall confer and provide the court with a proposed schedule for any supplemental briefing.

IT IS SO ORDERED.

DATED June 21, 2022.

                                                 /s/ Youlee Yim You
                                                 Youlee Yim You
                                                 United States Magistrate Judge

4 – ORDER