ELLEN F. ROSENBLUM
Attorney General
BRIAN SIMMONDS MARSHALL #196129
Senior Assistant Attorney General
SHAUNEE MORGAN #194256
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Brian.S.Marshall@doj.state.or.us
        Shaunee.Morgan@doj.state.or.us

Attorneys for Intervenor State of Oregon

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| COMMITTEE TO RECALL DAN HOLLADAY, JEANA GONZALES, and ADAM MARL,<br><br>Plaintiffs,<br><br>v.<br><br>JAKOB WILEY, City Recorder for Oregon City, in his official capacity,<br><br>Defendant,<br><br>and<br><br>STATE OF OREGON,<br><br>Intervenor. | Case No. 3:20-CV-01631-YY<br><br>THE STATE'S SECOND SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO DISMISS |

Page 1 -   THE STATE'S SECOND SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
           BM2/db5/

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## I. INTRODUCTION AND BACKGROUND

The Defendant's and Intervenor's Motions to Dismiss (ECF 21, ECF 23, ECF 41) and the Plaintiffs' Motion for an Order Certifying Question of State Law to Oregon Supreme Court (ECF 44) are pending before the Court. The Court invited the Parties to supplement their briefing on *Pullman* abstention to address whether courts' general reluctance to abstain in First Amendment cases applies here. *See* ECF 47.[1]

The State contends that the exception to *Pullman* for free expression cases does not apply here and abstention is still warranted. However, if the Court declines to abstain, it should dismiss the Second Amended Complaint in its entirety on other grounds, and, in any event, decline to certify the state law question to the Oregon Supreme Court. *See* § III (Conclusion), below.

## II. ARGUMENT

As the Court noted, federal courts typically do not abstain under *Pullman* in core First Amendment free speech cases. But this principle is not universal. Even in free speech cases, federal courts *do* abstain when "[t]he fears of chill that justify [the] preference against abstention in first amendment cases are not present …." *Almodovar v. Reiner*, 832 F.2d 1138, 1140 (9th Cir. 1987) (abstaining in case with First Amendment claim when adjudication of a state court case was imminent). Nothing about this case would chill speech, so the Court should abstain.

### A. Abstention is Appropriate in Cases Challenging Recall Initiative Requirements.

The free expression exception to *Pullman* abstention is rooted in the concern that abstention itself may chill protected speech. *See Courthouse News Serv. v. Planet*, 750 F.3d 776, 787 (9th Cir. 2014) ("The concern that a delay in litigation will itself chill speech is also

---

[1] The Court also asked whether the Parties contend they may "waive" an exception to *Pullman* abstention. *See* ECF 47 at 3. The State does not contend that the Court is compelled to abstain because Plaintiffs have not asserted the First Amendment exception.

Page 2 -   THE STATE'S SECOND SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
BM2/db5/

implicated here."). Nothing about this case would discourage Plaintiffs or others from speaking, because Plaintiffs seek a right to govern, not a right to speak.

The case law Plaintiffs rely on recognizes this distinction. This case does not fall within the *first category* of First Amendment initiative cases described by *Angle v. Miller*, which concern "one-on-one communication between petition circulators and voters," including the physical act of gathering the signatures. 673 F.3d 1122, 1132 (2012). Every First Amendment case concerning initiatives to ever succeed in an appellate court concerns such person-to-person communication. For example, *Meyer v. Grant*[2] struck down restrictions on the payment of circulators, the people who engage in that quintessential first category of "one-on-one communication."

*Angle* "assume[d]" without deciding that there was a *second category* of First Amendment challenges to state initiative requirements, which concern requirements that "make[] it more difficult and expensive to qualify an initiative for the ballot." *Angle*, 673 F.3d at 1333. Since *Angle*, the Supreme Court confirmed in *Little v. Reclaim Idaho*[3] and *Clarno v. People Not Politicians*[4] that such challenges are not cognizable. *See* ECF 21 at 17–22; ECF 27 at 18–20. But even *Angle* recognized that these challenges in its second category were different from the free expression cases in its first category.

Furthermore, applying the *Pullman* exception here would extend the exception from the initiatives contemplated in *Angle* to recalls, which this case concerns. Doing so would be erroneous. *See* ECF 21 at 19–20; ECF 27 at 20. When a plaintiff's First Amendment claim is doubtful, the Ninth Circuit has overcome its reluctance to abstain. *See Smelt v. Cty. of Orange*, 447 F.3d 673, 681 n.22 (9th Cir. 2006) (abstaining in a marriage equality case despite the

---

[2] 486 U.S. 414, 427 (1988).

[3] 140 S. Ct. 2616 (2020).

[4] 141 S. Ct. 206 (2020) (staying the district court's preliminary injunction, 472 F. Supp. 3d 890 (D. Or. 2020)).

Page 3 -   THE STATE'S SECOND SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
BM2/db5/

plaintiffs' First Amendment claim because "it is difficult, or impossible, to see a true speech problem here").

Here, *Pullman* abstention is particularly appropriate because this is fundamentally an election law case, not a free expression case. *See Badham v. U.S. Dist. Ct. for N. Dist. of Cal.*, 721 F.2d 1170, 1172 (9th Cir. 1983) (rejecting the "contention that *Pullman* abstention may not be applied in voting rights cases.").[5] Indeed, "in cases challenging the administration of elections (which generally raise federal constitutional civil rights claims), *Pullman* abstention is favored—if not outright required—because this is a sensitive area of social policy specifically delegated to the states." *Olson v. Bynum*, No. 2:20-CV-2481-TLN-KJN-PS, 2022 WL 2052696, at *7 (E.D. Cal. June 7, 2022) (abstaining in a candidate ballot-access case asserting claims, *inter alia*, under the First Amendment); *accord Burdick v. Takushi*, 846 F.2d 587, 589 (9th Cir. 1988) (abstaining because "[s]tate election codes" are "'a sensitive area of social policy'").

Ultimately, whether the exception to *Pullman* abstention applies turns on whether Plaintiffs' First Amendment "claims, like other First Amendment claims, raise issues of particular federal concern." *Courthouse News*, 750 F.3d at 785. Here, they do not. This case concerns recalls, which are creatures of state law and to which there is no federal constitutional right. *See* ECF 21 at 19–20. Thus, the state interest is even more clear than in a conventional election law case, and any federal interest is even more attenuated. *Cf. Reclaim Idaho*, 140 S. Ct. 2616 (2020) (Roberts, J., concurring) (recognizing that "[n]othing in the Constitution requires [a]

---

[5] The Ninth Circuit's decision not to abstain in *Chula Vista Citizens for Jobs & Fair Competition*, a case concerning who could serve as a chief petitioner for initiatives under California law, does not govern this case for three reasons. 782 F.3d 520 (9th Cir. 2015). First, the decision not to abstain in *Chula Vista* had an alternative basis: that abstention was inappropriate because there was no ambiguity in the state constitution or the city charter. *Id.* at 528. Second, *Chula Vista* concerned initiatives, not recalls. Third, the case addressed whether an organization (as opposed to an individual) could participate in the petition process at all, not the underlying requirements to qualify an initiative for the ballot. *Id.* Thus, it is closer to the conventional First Amendment right to free expression than this case, which concerns only the election law requirements to require a recall vote.

Page 4 -   THE STATE'S SECOND SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
BM2/db5/

State to provide for ballot initiatives" and the States' "sovereign interest in the enforcement of initiative requirements").

Finally, Plaintiffs have not articulated how the underlying rationale for the exception to *Pullman*—to avoid a chilling effect while the state courts resolve the state law question—applies here. *Cf. Olson*, 2022 WL 2052696, at *7 ("the animating reason behind courts' reluctance to abstain in cases implicating First Amendment rights does not squarely apply in this case because … plaintiff … has no impending [electoral] plans"). Plaintiffs allege that they will be participating in recalls regardless of the outcome of this case, and their prior success in recalling Mayor Holladay suggests that the 90-day deadline is unlikely to deter or prevent them from doing so.

**B.    Abstention is Appropriate Because Plaintiffs Assert a State Constitutional Claim.**

The Court should also apply *Pullman* abstention here because Plaintiffs assert a separate state constitutional claim which, if successful, would terminate the controversy. When a case "implicates a state constitutional provision that differs significantly from" a federal constitutional provision "abstention is particularly appropriate." *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 806 (9th Cir. 2001) (citing *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 237 n.4 (1984)). This application of *Pullman* abstention, recognized in *Reetz v. Bozanich*,[6] is a "corollary of the general principle that federal courts should avoid the adjudication of federal constitutional issues when alternative grounds are available." *Carreras v. City of Anaheim*, 768 F.2d 1039, 1042 (9th Cir. 1985) *abrogated on other grounds by Los Angeles Alliance for Survival v. City of Los Angeles*, 993 P.2d 334, 350 (Cal. 2000); *see also id.* at 1043 n.5 (recognizing this principle as a part of *Pullman* abstention); *Smelt*, 447 F.3d at 681 (abstaining because "[i]f the California courts ultimately determine that the sections in question violate the

---

[6] 397 U.S. 82 (1970).

Page 5 -   THE STATE'S SECOND SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
BM2/db5/

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

California constitution, we will have no need to consider the federal constitutional claims regarding those sections").

This differs from the typical case in which the First Amendment exception to *Pullman* abstention applies, where an ambiguous state statute itself chills free expression; that is, one plausible reading of the statute would violate the First Amendment, but another would not. *See, e.g.*, *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987) (quoting *Moore v. Sims,* 442 U.S. 415, 428 (1979)) ("When federal courts interpret state statutes in a way that raises federal constitutional questions, 'a constitutional determination is predicated on a reading of the statute that is not binding on state courts and may be discredited at any time—thus essentially rendering the federal-court decision advisory and the litigation underlying it meaningless.'"); *Lind v. Grimmer*, 30 F.3d 1115, 1121 (9th Cir. 1994) ("abstention is appropriate only if the statute at issue is 'fairly subject' to an interpretation that will save it from invalidation."). In that way, the First Amendment exception to *Pullman* is consistent with the general principle of First Amendment jurisprudence that if a statute "operates to chill or suppress the exercise of … freedoms [of speech or association] by reason of vague terms or overbroad coverage, it is invalid," *Nevada Comm'n on Ethics v. Carrigan*, 564 U.S. 117, 131 (2011) (Kennedy, J., concurring). In cases concerning such statutory ambiguities, "abstention by federal courts in [F]irst [A]mendment cases could often result in the suppression of free speech that is meant to be protected by the Constitution." *J-R Distributors, Inc. v. Eikenberry*, 725 F.2d 482, 488 (9th Cir. 1984) (rejecting argument "that federal courts should abstain from deciding the constitutionality of House Bill 626 until the Washington state courts first have an opportunity to construe its provisions"), *rev'd on other grounds sub nom.*, *Brockett v. Spokane Arcades, Inc.*, 472 U.S. 491 (1985).

The other cases cited in the order for supplemental briefing on this issue also concern such alleged ambiguities of state law, not state laws alleged to violate a state constitution. *See Courthouse News*, 750 F.3d at 782 (the state defendant "argued that litigation in state court to

Page 6 -  THE STATE'S SECOND SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
BM2/db5/

clarify the meaning of [Cal. Gov't Code] § 68150(*l* ) could obviate any federal constitutional issue"); *Porter v. Jones*, 319 F.3d 483, 492 (9th Cir. 2003) ("a limiting construction of [Cal. Elections Code] sections 18521 and 18522 will not resolve the claim that the threatened prosecution was unconstitutional"); *Ripplinger v. Collins*, 868 F.2d 1043, 1049 (9th Cir. 1989) ("abstention [is] inappropriate in a first amendment case, even where the state court had not had an opportunity to narrow the statute"); *Wolfson v. Brammer*, 616 F.3d 1045, 1052 (9th Cir. 2010) (discussing "[a]n advisory opinion [that] clarif[ied], to some degree, whether the campaign activities and political speech in which Wolfson wished to engage were prohibited by the Code").

Here, no statutory ambiguity that risks chilling free expression is at issue: the statute is clear that recall petitions must be submitted within 90 days. ORS 249.875(1). The only state law question is whether Plaintiffs are correct that the statute is inconsistent with the Oregon Constitution. Under the doctrine of constitutional avoidance, as incorporated into *Pullman* abstention, that is a question that should be decided by a state circuit court in the first instance.

### III.   CONCLUSION

The Court previously advised the parties that it anticipates recommending dismissal of Plaintiff Marl's facial claim and all of Plaintiffs' as-applied challenges as moot. The Court further advised the parties that it would recommend denying the motion to dismiss Plaintiff Gonzalez's facial claims as moot or for lack of standing. If the Court so rules, the Court should abstain under *Pullman* for the reasons articulated above and in ECF 21 at 16–17.

If the Court denies (in part) the motion to dismiss and declines to abstain, the State's motion to dismiss (ECF 21, ECF 41) the Plaintiffs' Second Amended Complaint (ECF 42) should nevertheless be granted. Specifically, the federal First Amendment claim should be dismissed for failure to state a claim. *See* ECF 21 at 17–22; ECF 27 at 18–20. The Court should then decline to exercise supplemental jurisdiction over the state claim (*see* ECF 21 at 25–26; ECF 27 at 22), should dismiss it as barred by sovereign immunity (*see* ECF 21 at 24–25; ECF 27

Page 7 -   THE STATE'S SECOND SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
BM2/db5/

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

at 21; ECF 44 at 3–6), or should dismiss it for failure to state a claim (*see* ECF 21 at 26–28, 30–31; ECF 27 at 22–23).

In any event, Plaintiffs' motion to certify questions regarding their state law claim to the Oregon Supreme Court (ECF 43) should be denied.  *See* ECF 44 at 6–9 (arguing that certification is premature without a factual record).

DATED July  25 , 2022.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

   *s/ Brian Simmonds Marshall*
BRIAN SIMMONDS MARSHALL #196129
Senior Assistant Attorney General
SHAUNEE MORGAN #194256
Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
Brian.S.Marshall@doj.state.or.us
Shaunee.Morgan@doj.state.or.us
Of Attorneys for Intervenor State of Oregon

Page 8 -   THE STATE'S SECOND SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
BM2/db5/

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000