ELLEN F. ROSENBLUM
Attorney General
BRIAN SIMMONDS MARSHALL #196129
Senior Assistant Attorney General
SHAUNEE MORGAN #194256
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Brian.S.Marshall@doj.state.or.us
        Shaunee.Morgan@doj.state.or.us

Attorneys for Intervenor State of Oregon

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| COMMITTEE TO RECALL DAN HOLLADAY, JEANA GONZALES, and ADAM MARL,<br><br>    Plaintiffs,<br><br>    v.<br><br>JAKOB WILEY, City Recorder for Oregon City, in his official capacity,<br><br>    Defendant,<br><br>    and<br><br>STATE OF OREGON<br><br>    Intervenor. | Case No.  3:20-CV-01631-YY<br><br>STATE'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO FINDINGS AND RECOMMENDATIONS |

Page 1 -   STATE'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO FINDINGS AND
           RECOMMENDATIONS

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## I.    INTRODUCTION

Article II, Section 18 of the Oregon Constitution provides that "[e]very public officer in Oregon is subject ... to recall." Eighty-eight years ago, Oregon's legislature exercised its authority to enact "legislation as may aid the operation of this section," *id.* art. II, § 18(8), by requiring a recall petition to be completed within 90 days. Or. Laws (1933), Ch. 381 § 2.

Plaintiffs successfully gathered the signatures required for their recall petition within the 90 days the statute allows, triggering a recall election that removed their city's mayor. Plaintiffs' success illustrates that the 90-day window for collecting recall signatures does not severely burden the right to recall. It allows voters to work their will when there are "reasons for demanding the recall of the officer," Or. Const., Art. II, § 18(5), while serving its legitimate purpose: to prevent recall petitioning throughout an elected official's term as a routine political tactic.

Despite their electoral success, Plaintiffs press on with two facial constitutional claims, one federal and one state. The Findings and Recommendations (F&R) found that Plaintiffs failed to state a federal claim and that the Court lacked subject matter jurisdiction over Plaintiffs' state-law claim. The F&R therefore recommended dismissal.

The F&R was correct. *See* §§ II.A.1, II.B.2. And even if Plaintiffs' objections to the F&R were well founded, the Court should still dismiss the Plaintiffs' Second Amended Complaint ("complaint") on other grounds. *See* §§ II.A.2, II.B.1.

## II.    ARGUMENT

A.    **Plaintiffs Fail to State a Federal Claim (Objections 3–5)**

1.    **The Second Amended Complaint does not allege facts sufficient to show a 90-day deadline violates the First Amendment under *Angle*.**

Plaintiffs claim that the state law allowing 90 days to complete a recall petition violates the First Amendment on its face. Under Plaintiffs' preferred First Amendment standard, which they borrow from equal protection review of state-law requirements for candidates to qualify for

Page 2 -   STATE'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO FINDINGS AND
            RECOMMENDATIONS

the ballot, the Court would "assume that ballot access restrictions place a severe burden on core political speech, and trigger strict scrutiny, when they significantly inhibit the ability of initiative proponents to place initiatives on the ballot." *Angle v. Miller*, 673 F.3d 1122, 1133 (9th Cir. 2012). Therefore, according to Plaintiffs, "the burden on plaintiffs' rights should be measured by whether, in light of the entire statutory scheme regulating ballot access, 'reasonably diligent' candidates can normally gain a place on the ballot, or whether they will rarely succeed in doing so." *Id.*

The F&R is correct that Plaintiffs have failed to state a claim under this standard. *See* F&R [52] at 42–46; State's MTD [21] at 20–22; State's Reply [27] at 20–21; State's First Supp. Mem. [38] at 7. The complaint's only factual (rather than conclusory) allegations that support the claim that the 90-day deadline is burdensome concern Plaintiffs' own recall petition effort. But those allegations show little burden at all. Plaintiffs allege that an all-volunteer effort[1] that incurred less than $9,000 in mailing expenses[2] managed to garner 26 percent more than the number of required signatures within the 90-day deadline.[3] It did so during a pandemic[4] punctuated by wildfire evacuations.[5] Without those burdens, the Plaintiffs claimed that "there is little doubt that, during non-COVID-19 times, the campaign could easily obtain well over 2,400 valid signatures during the statutory 90-day signature gathering period."[6] None of these allegations raise a plausible claim that the 90-day deadline presents a severe burden on Plaintiffs' petition rights. *See Pierce v. Jacobsen*, 44 F.4th 853, 861 n.3 (9th Cir. 2022) ("a challenger's [i.e., a plaintiff's] or others' past efforts will be helpful in analyzing" whether a state regulation presents a severe burden on petition rights under *Angle*).

---

[1] Second Amended Complaint [42] ¶ 30.

[2] *Id.* ¶ 29.

[3] *Id.* ¶ 26 (3,037 verified signatures accepted); *id.* ¶ 20 (2,400 signatures required).

[4] *Id.* ¶ 24.

[5] *Id.* ¶ 36 n.6.

[6] *Id.*, Ex. 4 [42-4] at 3.

Page 3 -   STATE'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO FINDINGS AND RECOMMENDATIONS

The F&R also properly concluded that "Oregon undeniably has an important regulatory interest in making sure that a recall petition 'has sufficient grass roots support to be placed on the ballot.'"  F&R [52] at 44 (quoting *Meyer v. Grant*, 486 U.S. 414, 425–26 (1988)).  Because "'the state's important regulatory interests are generally sufficient to justify reasonable, nondiscriminatory restrictions,'" F&R [52] at 45 (quoting *Anderson v. Celebrezze*, 460 U.S. 780, 788 (1983)), it is proper for the Court to determine this issue on a motion to dismiss.  *See Tedards v. Ducey*, 951 F.3d 1041, 1068 (9th Cir. 2020) (affirming dismissal for failure to state a claim when plaintiffs "failed to plausibly allege that the timing of the [challenged] election [law] is not justified by 'important' state interests").

None of the Plaintiffs' allegations raise a plausible right to relief under *Angle*.  The F&R was correct that Plaintiffs failed to state a claim under that standard.

### 2.    *Angle* does not apply to recall requirements.

The Plaintiffs also fail to state a claim because the Ninth Circuit has never applied the *Angle* standard—which concerns initiative petitions—to recall petitions.  This Court should not do so either. The F&R's rejection of the State's position that *Angle* does not apply to recall petitions rests on the equivocal analysis in a single district court decision, which concluded that the plaintiffs could not sustain their challenge to Nevada's recall statute.  *See* F&R [52] at 40 (citing *Fight for Nevada v. Cegavske*, 460 F. Supp. 3d 1049, 1057 (D. Nev. 2020)).

But neither *Fight for Nevada* nor the F&R addresses the most fundamental flaw in applying *Angle* to recall petitions.  *Angle* is based on "the standard [the courts] apply to ballot access restrictions regulating candidates."  673 F.3d at 1133.  That standard provides "'the burden on plaintiffs' rights should be measured by whether, in light of the entire statutory scheme regulating ballot access, "reasonably diligent" candidates can normally gain a place on the ballot, or whether they will rarely succeed in doing so.'"  *Id.* (quoting *Nader v. Brewer*, 531 F.3d 1028, 1035 (9th Cir. 2008)).

The same standard that governs ballot access should not dictate the requirements triggering a recall election. Holding an election to remove an official from office mid-term is far more drastic and unusual than allowing a candidate to run in a regularly scheduled election. For that reason, every state that allows recalls requires far more signatures for a recall petition than for a candidate to qualify for the ballot. Of the 19 states that allow recalls, Montana and California have the lowest signature thresholds. *See* National Conference of State Legislatures, Recall of State Officials: Process (July 8, 2019), https://www.ncsl.org/research/elections-andcampaigns/recall-of-state-officials.aspx. Montana requires a petition of at least 10% of registered voters. *See* Mont. Code § 2-16-614(1). California requires a petition signed by 12% of the number of voters in the last election for the office. *See* Cal. Const. Art. 2, § 14(b). The requirements to appear on the ballot in a regularly scheduled election are far less stringent. *See* Mont. Code § 13-10-502(2) (requiring 5% of the number votes in the last election); California Secretary of State, Required Filing Fees, In-Lieu Signatures, and Nomination Signatures, June 7, 2022, Statewide Direct Primary Election, https://elections.cdn.sos.ca.gov//statewide-elections/2022-primary/section-3-candidate-filing-information.pdf (requiring 4,750 signatures or $4,371.12 to be listed on the ballot for Governor). This court should not expand the *Angle* standard to require states to allow recalls in the same way it requires states to limit restrictions on ballot access.

Plaintiffs' attempt to expand *Angle* to encompass recalls is all the more dubious because the Supreme Court has already stayed two district court orders relying on that decision. *See Little v. Reclaim Idaho*, 140 S. Ct. 2616 (2020); *Clarno v. People Not Politicians Oregon*, 141 S. Ct. 206 (2020). The Supreme Court's orders have undermined *Angle*'s continued viability even in its original application to initiatives. *See* State's MTD [21] at 19; State's Reply [27] at 19; *Reclaim Idaho v. Little*, 826 F. App'x 592, 602 (9th Cir. 2020) (Nelson, J., dissenting) (suggesting the Ninth Circuit "may need to revisit its jurisprudence regarding ballot initiatives en banc in future cases" due to the Supreme Court's orders in *Reclaim Idaho* and *People Not*

Page 5 -   STATE'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO FINDINGS AND
           RECOMMENDATIONS

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

*Politicians Oregon*). Even if this Court remains bound to apply *Angle* to initiative petitions, the Supreme Court's orders are strong persuasive authority against expanding its reach to recall petitions as well.

### 3. Plaintiffs should not be granted leave to amend.

Plaintiffs contend that any dismissal should be with leave to amend. "Leave to amend may be denied if a court determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). Here, Judge You's finding that the complaint did not state a claim was not based only on the *lack* of allegations in the complaint. Rather, she found that the complaint's allegations, including Plaintiffs' counsel's own letter to the City Recorder, *contradicted* the conclusion that the 90-day deadline presents a "severe" burden on recall petitioners. *See* F&R [52] at 43–44.

Moreover, for the Court to grant leave to amend, Plaintiffs must specify the facts that they would plead to remedy the deficiency. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1052 (9th Cir. 2008) ("Appellants fail to state what additional facts they would plead if given leave to amend, or what additional discovery they would conduct to discover such facts. Accordingly, amendment would be futile."). Plaintiffs' objections suggest only that they could allege that the 90-day deadline presents a severe burden, bereft of any underlying facts to support such a conclusion. Such conclusory allegations would be insufficient to resuscitate the complaint. For each of these reasons, the Court should dismiss Plaintiffs' claims with prejudice.

B.  **Plaintiffs' State Claims Should be Dismissed**[7] (Objection 1)

There are two straightforward grounds to dismiss Plaintiffs' state-law claims: declining to exercise supplemental jurisdiction over the state claims and concluding, as the F&R did, that they are barred by sovereign immunity under *Pennhurst*.

1.  **The Court should decline to exercise supplemental jurisdiction over Plaintiffs' state claims.**

Once the Court determines that the federal claims should be dismissed, it should follow the ordinary procedure of declining to exercise supplemental jurisdiction over Plaintiffs' state-law claims.  *See* 28 U.S.C. § 1367(c)(3); State's MTD [21] at 25; State's Reply [27] at 22. Plaintiffs have conceded as much, contending only that their state claims should survive because their federal claims should not be dismissed.  *See* Pls.' Resp. [26] at 26.  If the Court adopts the recommendation to dismiss Plaintiffs' federal claims, the Court should decline to exercise supplemental jurisdiction over the state claims and dismiss them without prejudice.

2.  **The state claims are barred by sovereign immunity under *Pennhurst*.**

The F&R correctly concluded that "Riggs was acting as a state official when she enforced the 90-day deadline contained in O.R.S. § 249.875."  F&R [52] at 35–36 (citations omitted). "Thus, this court, under *Pennhurst*, cannot instruct defendant or his predecessor 'on how to conform their conduct to state law … .'"  *Id.*  Plaintiffs now argue the F&R erred by not applying the five-factor arm-of-the-state test in reaching this conclusion.  The Court should reject Plaintiffs' contention for three reasons.

First, Plaintiffs have waived the argument they now present for the first time.  Before Judge You, Plaintiffs argued only that *Pennhurst* does not bar their state claims because the 90-day deadline was adopted via the Oregon City Charter, not state statute.  MTD Resp. [26] at 13–15, 25; *see also* Pls.' Reply ISO Mot. to Certify [46] at 2–3 (declining to respond to defendants'

---

[7] In addition to the reasons for dismissal articulated below, the State maintains that *Pullman* abstention would be appropriate in this case.  *See* State's MTD [21] at 15–17; State's Reply [27] at 16–18; State's Second Supp. Mem. [49] at 2–7.

Page 7 -   STATE'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO FINDINGS AND RECOMMENDATIONS

*Pennhurst* arguments). Plaintiffs have now abandoned that erroneous position and candidly admit that the arguments that they raise now "were not briefed before Judge You …." Pls.' Objections [56] at 6. The Court should decline to consider Plaintiffs' objections to Judge You's F&R for reasons that they never presented to her. *See Greenhow v. Sec'y of Health & Hum. Servs.*, 863 F.2d 633, 638 (9th Cir. 1988) ("We do not believe that the Magistrates Act was intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court."), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992); *Roy v. Laborers' Loc. 737*, No. 3:18-CV-01695-YY, 2021 WL 395760, at *3 (D. Or. Feb. 4, 2021) ("A district court is well within its discretion in barring arguments raised for the first time in objections to a magistrate's F&R absent exceptional circumstances.") (citing *Greenhow*), *aff'd sub nom. Roy v. Laborer's Loc. 737*, No. 21-35103, 2021 WL 5985031 (9th Cir. Dec. 16, 2021).

Second, "a suit against officials of a county or other governmental entity is barred if the relief obtained runs against the State." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 123–24 n.34 (1984). This principle applies to local officials undertaking ministerial state duties as required by state statutes and instructed by state officials. For example, in *Vasquez v. Rackauckas*, the Ninth Circuit held that *Pennhurst* barred state claims against county district attorneys when they were acting at the behest of state government. 734 F.3d 1025, 1041 (9th Cir. 2013). To delineate state actions from local ones, *Vasquez* relied on the same tests derived from the same line of cases that the F&R relies on here. *Id.* (citing *Weiner v. San Diego Cnty.*, 210 F.3d 1025, 1030 (9th Cir. 2000) (citing *McMillian*, 520 U.S. 781, 792 n.7 (1997)); *see also Cassell v. Snyders*, 990 F.3d 539, 552 (7th Cir. 2021) (applying *Pennhurst*) ("[C]ounty and local officials can still be treated as state officials for Eleventh Amendment purposes when carrying out non-discretionary duties subject to state policy control.").

Plaintiffs cite *Crowe v. Oregon State Bar*'s distinction between state-action to trigger constitutional scrutiny and the test for state sovereign immunity, but the state-action doctrine is

Page 8 -   STATE'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO FINDINGS AND
            RECOMMENDATIONS

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

not at issue here.  *See* Pls.' Objections [56] at 5–6 (citing 989 F.3d 714 (2021)).  *Crowe* does nothing to illuminate whether local officials undertaking ministerial duties imposed by a state statute are protected against a state constitutional claim under *Pennhurst*.  The F&R determined that *Pennhurst* does apply in such cases, relying on the Ninth Circuit's recent decision explaining that an "officer, be he state or local, is acting as a state official, i.e., a state agent" "when a state statutory regime comprehensively directs" his actions.  *Buffin v. California*, 23 F.4th 951, 962 (9th Cir. 2022) (internal quotation marks omitted) (citing *Echols v. Parker*, 909 F.2d 795, 801 (5th Cir. 1990)).  That conclusion was correct and should be adopted.  *See also* State's MTD [21] at 24–25; State's Reply [27] at 21; State's Resp. to Mot. to Certify [44] at 3–5.

Third, even if Plaintiffs were correct that their state claims against the City Recorder are not directly barred by sovereign immunity, *Pennhurst* instructs federal courts not to exercise supplemental jurisdiction against local officials "on the basis of [a] state statute" when the relief "would be partial and incomplete … ."  *Pennhurst* , 465 U.S. at 124.  The Legislative Assembly established the 90-day deadline for recall petitions for all state and local offices statewide.  ORS 249.875(1).  Petitions for the recall of state officers are filed with the Secretary of State, ORS 249.035(1), and there is no question that under *Pennhurst* the federal courts cannot entertain a state constitutional challenge seeking to order her not to enforce the 90-day deadline based on such a state-law claim.  Accordingly, even if local election officials applying state law are not entitled to sovereign immunity, Plaintiffs' state-law claim in federal court could only reach the 90-day deadline's application to local offices.  Such a partial resolution of Plaintiffs' state constitutional challenge "would not appear to serve the purposes of efficiency, convenience, and fairness that must inform the exercise of pendent jurisdiction." *Pennhurst*, 465 U.S. at 124.  Plaintiffs' state-law claims should be dismissed on that ground as well.

Page 9 -   STATE'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO FINDINGS AND
          RECOMMENDATIONS

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**C.     The F&R Correctly Determined that Plaintiff Marl's Facial Claims Were Moot, but that Determination is Immaterial to the Dismissal. (Objection 2)**

The F&R correctly concludes that Plaintiff Marl's failure to allege that he imminently intends to pursue another recall that would be filed with Oregon City's City Recorder renders his claims moot.  *See* F&R [52] at 20–22.  When a plaintiff argues a dispute is capable of repetition and therefore not moot, the Court "must consider whether the anticipated future litigation will involve the same defending party as well as the same complaining party." *Lee v. Schmidt-Wenzel*, 766 F.2d 1387, 1390 (9th Cir. 1985) (cited in State's MTD [21] at 7 & State's First Supp. Mem. [38] at 6 n.3).  Because the future dispute Marl predicts would be filed against a different defending party, ORS 249.035, Marl fails to state a claim.

Even so, the finding that Marl's claims are moot is unnecessary to dismissal of his claims.  Marl's claims may also be dismissed for the same reasons as the F&R recommended dismissal of Gonzales's claims.  *See* §§ II.A–II.B, above.

Page 10 -  STATE'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO FINDINGS AND
           RECOMMENDATIONS
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

### III.    CONCLUSION

The Court should adopt the Findings and Recommendations to dismiss Plaintiffs' Second Amended Complaint. In the alternative, the Court should dismiss the Second Amended Complaint on the grounds set forth in sections II.A.2 and II.B.1, above.

DATED October  21 , 2022.

        Respectfully submitted,

        ELLEN F. ROSENBLUM
        Attorney General


        *s/ Brian Simmonds Marshall*
        BRIAN SIMMONDS MARSHALL #196129
        Senior Assistant Attorney General
        SHAUNEE MORGAN #194256
        Assistant Attorney General
        Trial Attorneys
        Tel (971) 673-1880
        Fax (971) 673-5000
        Brian.S.Marshall@doj.state.or.us
        Shaunee.Morgan@doj.state.or.us
            Of Attorneys for Intervenor State of Oregon

Page 11 -   STATE'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO FINDINGS AND
              RECOMMENDATIONS
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000