IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**COMMITTEE TO RECALL DAN HOLLADAY et al.,**

        Plaintiffs,

    v.

**JAKOB WILEY,**

        Defendant,

    and

**STATE OF OREGON,**

        Intervenor.

No. 3:20-cv-01631-YY

OPINION AND ORDER

**MOSMAN, J.,**

On August 25, 2022, Magistrate Judge Youlee Yim You issued her Findings and Recommendation ("F&R") [ECF 52] recommending that I grant the State of Oregon's and Defendant's respective Motions to Dismiss [ECF 21, 23] and deny Plaintiffs' Motion for Certification of a Question to the Oregon Supreme Court [ECF 43]. Plaintiffs filed objections to the F&R [ECF 56], to which the State of Oregon and Defendant replied [ECF 57, 58]. Upon review, I agree with Judge You and write further to explain denying leave to amend the complaint. I GRANT the Motions to Dismiss and DENY the Motion for Certification of a Question to the Oregon Supreme Court.

1 – OPINION AND ORDER

**LEGAL STANDARD**

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

**DISCUSSION**

I adopt Judge You's F&R in full and write further to expand on the decision to dismiss the complaint rather than grant leave to amend. "A district court acts within its discretion to deny leave to amend when amendment would be futile . . . ." *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725–26 (9th Cir. 2000). Here, amendment would be futile for several reasons. Plaintiffs' counsel's statement on the ease of obtaining signatures in a setting not affected by COVID-19 clearly contradicts Plaintiffs' First Amendment claim. Further, Plaintiffs' proposed amendment to include data on the fact that most recall petitions fail would not establish the link between failed petitions and the alleged severe burden of the 90-day time restriction. More importantly, because sovereign immunity and mootness apply, any amendment to the complaint to cure its deficiencies would be futile. Therefore, dismissal is appropriate.

## CONCLUSION

Upon review, I agree with Judge You's recommendation, and I ADOPT the F&R [ECF 52] as my own opinion. The Motions to Dismiss [ECF 21, 23] are GRANTED, and the Motion for Certification of a Question to the Oregon Supreme Court [ECF 43] is DENIED.

IT IS SO ORDERED.

DATED this 10th day of January, 2023.

MICHAEL W. MOSMAN
Senior United States District Judge