JESSE A. BUSS, OSB # 122919
WILLAMETTE LAW GROUP, PC
411 Fifth Street
Oregon City OR 97045-2224
Tel: 503-656-4884
Fax: 503-608-4100
Email: jesse@WLGpnw.com

Attorney for Plaintiffs
COMMITTEE TO RECALL DAN HOLLADAY,
JEANA GONZALES, and ADAM MARL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **COMMITTEE TO RECALL DAN HOLLADAY, JEANA GONZALES,** and **ADAM MARL,**<br><br>                Plaintiffs,<br><br>      vs.<br><br>**JAKOB WILEY**, City Recorder for Oregon City, in his official capacity,<br><br>                Defendant,<br><br>      and<br><br>**STATE OF OREGON**,<br><br>                Intervenor-Defendant. | Case No. 3:20-cv-01631-YY<br><br>**PLAINTIFFS' RESPONSE TO STATE OF OREGON'S MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>**(Oral Argument Requested)** |

**TABLE OF CONTENTS**

                                                                                                                                                      <u>Page</u>

Introduction……………………………………………………………………………….……1

Recent Background and Procedural Posture……………………………………….……………..1

Argument……………………………………………………………………………….………….2

      A.  Until the constitutional scope of the recall right is clarified under Oregon law, it is impossible to know how much the statutory 90-day signature gathering limitation burdens core political speech, and whether the State has a compelling or important interest in burdening that speech……………………………………………………3

      B.  This Court should not decide the novel state constitutional question…………………6

Conclusion……………………………………………………………………………………...6

PAGE 1 – RESPONSE TO MOTION TO DISMISS THIRD AMENDED COMPLAINT

## Introduction

This isn't a diversity case, so the Court's continued jurisdiction depends on the presence of a federal question which, here, is a First Amendment claim. Thus, to succeed in getting this case dismissed, the State must convince the Court that Plaintiffs' First Amendment claim fails, leaving only the state law claim—and no federal question—remaining. But that is a logical impossibility. Here, the question of state law *must*, as a matter of law, be answered before the First Amendment claim can be resolved. And because the question of state law raises novel issues under Article II, section 18, of the Oregon Constitution, the Oregon Supreme Court should resolve that question following a certification order from this Court. Until that happens, the Court should reject the State's attempt to short-circuit this case.

Plaintiffs request oral argument.

## Recent Background and Procedural Posture

The Ninth Circuit Court of Appeals remanded the case to this Court with specific instructions:

> "On remand, the district court should therefore first reconsider whether to grant leave to amend on the federal claim, then determine whether to exercise supplemental jurisdiction over the state law claim in light of that decision, and, if so, whether to certify Plaintiffs' state law question to the Oregon Supreme Court."

ECF 62 at 8. On remand, the parties agreed to amendment, so this Court did not need to decide whether to grant leave to amend on either the federal or state law claims. *See* ECF 76 (Third Amended Complaint)[1]; 28 U.S.C. § 1367(a) (supplemental jurisdiction over related state law

---

[1] In the Third Amended Complaint, among other things, Plaintiffs changed their First Amendment legal theory, and now allege that "by prohibiting one-on-one communication

PAGE 1 – RESPONSE TO MOTION TO DISMISS THIRD AMENDED COMPLAINT

...

claims). Thus, per the Ninth Circuit's remand instructions, the next question for this Court is whether to certify Plaintiffs' state law question to the Oregon Supreme Court. ECF 62 at 8.

Plaintiffs have conferred with the State and City about their motion to certify to the Oregon Supreme Court, but that motion has not yet been filed. It will be filed soon.

Meanwhile, rather than answering the Third Amended Complaint, and apparently seeking to avoid the question of certification altogether, the State (as joined by the City) filed a motion to dismiss. ECF 79 (motion); ECF 90 (City's joinder). Plaintiffs now respond to that motion.

**Argument**

The State's motion to dismiss is premature. It may be that Plaintiffs' First Amendment claim ultimately fails, but we cannot know—now—whether it does. Whether it fails depends entirely on the scope of the recall right under Article II, section 18, of the Oregon Constitution. The Oregon Supreme Court should determine that scope via the certification process.

/ / / / /

/ / / / /

/ / / / /

---

between petition circulators and voters after the expiration of the 90-day period, ORS 249.875(1) severely burdens core political speech protected." ECF 76 at 16. This legal theory—not previously alleged and therefore not previously addressed by this Court or the Ninth Circuit Court of Appeals—does not require that Plaintiffs allege "additional facts" as asserted by the State in its motion. ECF 79 at 1. Unlike the First Amendment theory at issue earlier in this case (i.e. whether the 90-day limitation resulted in "reasonably diligent" petitioners "rarely succeed[ing]" in gaining a place on the ballot), the viability of the alternative theory alleged in the Third Amended Complaint is not dependent upon alleging and proving multitudinous facts going back years, if not decades. Rather, the question under this First Amendment legal theory is whether prohibiting one-on-one communication between petition circulators and voters after the expiration of the 90-day period "limit[s] the number of voices who will convey the [] proponents' message." *Buckley v. Am. Constitutional Law Found., Inc.*, 525 U.S. 182, 194-95 (1999). It self-evidently does so, *because that is the entire point of the challenged statute*. The Third Amended Complaint, accordingly, already contains adequate allegations of fact.

PAGE  2 – RESPONSE TO MOTION TO DISMISS THIRD AMENDED COMPLAINT

  **A.** **Until the constitutional scope of the recall right is clarified under Oregon law, it is impossible to know how much the statutory 90-day signature gathering limitation burdens core political speech, and whether the State has a compelling or important interest in burdening that speech.**

  This case is unusual in that the outcome of Plaintiffs' state law claim is determinative of the federal law claim. But—contrary to the State's suggestion (ECF 79 at 3-4, 9-10)—that does *not* mean that Plaintiffs' state law and federal law claims are coextensive. While they are closely related, they are not coextensive because the legal tests governing each claim are different. Still, without first obtaining clarification regarding the scope of the recall right under the Oregon Constitution, it is impossible to know if ORS 249.875(1)'s burden on core political speech is justified under First Amendment jurisprudence.

  Plaintiffs' state law claim alleges that "[t]he 90-day signature gathering limitation contained in ORS 249.875(1) does not 'aid,' unduly burdens, is not authorized by, and facially violates the recall right of Article II, section 18, of the Oregon Constitution, and is therefore void and unenforceable." Third Amendment Complaint, ECF 76 at 15. In other words, Plaintiffs argue in their state law claim that the Oregon Constitution not only does not contain a signature-gathering deadline, but that it also does not *allow* the legislature to impose one. That question—whether the Oregon Constitution allows the legislature to impose a signature gathering deadline for recall petitions—is the one that Plaintiffs will soon ask this Court to send to the Oregon Supreme Court. And if the Oregon Supreme Court answers that question in the negative, then this Court can go on to conclude that ORS 249.875(1), which purports to impose a signature gathering deadline, violates the Oregon Constitution. That will resolve Plaintiffs' state law claim.

  The test under the First Amendment requires more; simply proving a violation of state law does not prove a violation of the First Amendment. As the Ninth Circuit explained in *Angle v. Miller*, 673 F.3d 1122 (9th Cir. 2012), a state's election regulations violate the First

PAGE 3 – RESPONSE TO MOTION TO DISMISS THIRD AMENDED COMPLAINT

Amendment when they either (1) impose "severe burdens" on core political speech and are not "narrowly tailored and advance a compelling state interest," or (2) impose "reasonable, nondiscriminatory restrictions" that nonetheless do not further the state's "important regulatory interests." *Id.* at 1132 (citing *Prete v. Bradbury*, 438 F.3d 949 (9th Cir. 2006) and *Ariz. Right to Life Political Action Comm. v. Bayless*, 320 F.3d 1002 (9th Cir. 2003)). Thus, whether any given election regulation imposes a "severe burden" or is instead merely a "reasonable, nondiscriminatory restriction," it must be adequately justified by state interests.

This is why Plaintiffs' First Amendment claim cannot—as a matter of logic and law—be resolved on this motion to dismiss. Regardless of whether the challenged 90-day signature gathering limitation under ORS 249.875(1) qualifies as a "severe burden" or, instead, as a "reasonable, nondiscriminatory restriction," it remains unknowable whether the State has a "compelling" interest or even an "important regulatory interest" in imposing a signature gathering deadline until the Oregon Supreme Court decides if the constitutional recall right includes the right to circulate petitions for signature *without time limitation*.

If the Oregon Supreme Court decides that Article II, section 18, of the Oregon Constitution allows the legislature to impose a time limit on recall petition signature gathering, then Plaintiffs will have lost their facial challenge under the Oregon Constitution. Indeed, if that happens then Plaintiffs will concede that the legislature had at least an "important regulatory interest" in adopting the 90-day limitation for purposes of their facial First Amendment challenge. There would be no other option under the Ninth Circuit's decision in this case.[2]

---

[2]     The Ninth Circuit has already suggested that—unless strict scrutiny applies or the state law claim succeeds on remand—the 90-day signature gathering restriction passes "less exacting review" under the First Amendment. ECF 62 at 5. But if the time limit violates the Oregon Constitution, then the State can have no "important regulatory interest" in enforcing the

PAGE  4 – RESPONSE TO MOTION TO DISMISS THIRD AMENDED COMPLAINT

But if the Oregon Supreme Court instead decides that the Oregon Constitution does *not* allow the legislature to impose such signature gathering deadlines, then there is no way that the State can have either a "compelling" or an "important" interest in imposing one. Indeed, if the Oregon Constitution prohibits signature gathering limitations, then the 90-day limitation cannot even pass rational basis review under the First Amendment because the State has no legitimate interest in enforcing an unconstitutional law. *See Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (it is "always in the public interest to *prevent* the violation of a party's constitutional rights.") (emphasis added); *see also Riley's Am. Heritage Farms v. Elsasser*, 32 F.4th 707, 731 (9th Cir. 2022) (same); *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (same); *Honeyfund v. Governor*, 94 F.4th 1272, 1283 (11th Cir. 2024) ("the government has no legitimate interest in enforcing an unconstitutional law") (internal quotation marks omitted).[3]

In sum, until the Oregon Supreme Court determines whether the time limit imposed by ORS 249.875(1) is allowed under Article II, section 18, of the Oregon Constitution, this Court simply does not have enough information to make an essential finding required under the applicable First Amendment analysis, to wit: whether the State has a legitimate—or an important or compelling—interest in enforcing the statute. The First Amendment issue, therefore, must wait for another day. *See also Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496 (1941) (when a federal constitutional claim is premised on an unsettled question of state law, the federal court should stay its hand in order to provide the state court an opportunity to settle the

---

challenged statute. And if Plaintiffs can demonstrate that the challenged time limitation imposes a "severe burden" on core political speech, then First Amendment strict scrutiny applies.

[3]   Similarly, if the Oregon Supreme Court determines that the 90-day signature gathering limitation violates the Oregon Constitution's guarantee of recall petition circulation, then it necessarily follows that the time limit imposes a "severe burden" on core political speech under the First Amendment.

PAGE 5 – RESPONSE TO MOTION TO DISMISS THIRD AMENDED COMPLAINT

underlying state law question and thus avoid the possibility of unnecessarily deciding a federal constitutional question); *Western Helicopter Services, Inc., v. Rogerson Aircraft Corporation*, 311 Or. 361, 368 (1991) ("Acceptance of certification in *Pullman*-type abstention cases is important to the smooth functioning of the federal judicial system, [so] [e]xcept in unusual circumstances (examples of which do not readily come to mind), we normally will accept certification in *Pullman*-type abstention cases.").

      **B.**      **This Court should not decide the novel state constitutional question.**

In its motion the State invites this Court to resolve the merits of Plaintiffs' claim under the Oregon Constitution. ECF 79 at 11-14. The Court could do that, but shouldn't. As the parties have long agreed, Plaintiffs' state law claim raises a novel issue of Oregon constitutional law. The Oregon Supreme Court should decide such questions in the first instance.

### Conclusion

Plaintiffs agree with the State that the violation of a state constitutional right does not necessarily mean that a federal constitutional right has also been violated.[4] But sometimes—and this is one of those times—understanding *the scope of a state-created right* is necessary to evaluate whether a federal right has been infringed.

Here, resolving the First Amendment claim before deciding the question of state law would be logically and legally incoherent. A burden on speech cannot be evaluated for compliance with the First Amendment under either "less exacting scrutiny" or "strict scrutiny"

---

[4] Though it can mean that. *See Lovell by & Through Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996) ("We recognize the rule that when a violation of state law causes the deprivation of a right protected by the United States Constitution, that violation may form the basis for a Section 1983 action.") (citing *Hallstrom v. City of Garden City*, 991 F.2d 1473 (9th Cir. 1993)).

PAGE 6 – RESPONSE TO MOTION TO DISMISS THIRD AMENDED COMPLAINT

until it is knowable whether the government has a legitimate, important, or compelling interest in enforcing that burden. But here, we do not yet know whether the 90-day time limitation of ORS 249.875(1) survives under the Oregon Constitution. If it does, then the State has a valid interest in enforcing it. If it doesn't, then the State doesn't; the State has no legitimate interest in enforcing an unconstitutional law. For that reason—and as Plaintiffs will urge in their upcoming motion to certify—this Court cannot resolve the First Amendment claim until the Oregon Supreme Court weighs in.

The Court should deny the State's motion to dismiss or take it under advisement until the Oregon Supreme Court clarifies the scope of the recall right under Article II, section 18, of the Oregon Constitution.

RESPECTFULLY SUBMITTED this 21st day of November 2025.

> /s/ Jesse A. Buss
> Jesse A. Buss, OSB # 122919
> WILLAMETTE LAW GROUP, PC
> 411 5th St., Oregon City OR 97045
> Tel: 503-656-4884, Fax: 503-608-4100
> Email: jesse@WLGpnw.com
>
> *Attorney for Plaintiffs Committee to Recall*
> *Dan Holladay, Jeana Gonzales, and Adam Marl*

PAGE 7 – RESPONSE TO MOTION TO DISMISS THIRD AMENDED COMPLAINT