JESSE A. BUSS, OSB # 122919
WILLAMETTE LAW GROUP, PC
411 Fifth Street
Oregon City OR 97045-2224
Tel: 503-656-4884
Fax: 503-608-4100
Email: jesse@WLGpnw.com

Attorney for Plaintiffs
COMMITTEE TO RECALL DAN HOLLADAY,
JEANA GONZALES, and ADAM MARL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **COMMITTEE TO RECALL DAN HOLLADAY, JEANA GONZALES,** and **ADAM MARL,** | Case No. 3:20-cv-01631-YY |
| Plaintiffs, | **PLAINTIFFS' MOTION TO CERTIFY QUESTION OF STATE LAW TO THE OREGON SUPREME COURT** |
| vs. | |
| **KATTIE RIGGS**, City Recorder for Oregon City, in her official capacity, | |
| Defendant, | |
| and | |
| **STATE OF OREGON,** | |
| Intervenor. | |

**Motion**

Plaintiffs respectfully move the Court for an order, pursuant to Local Rule (LR) 83-14 and Oregon Revised Statutes (ORS) 28.200-255, certifying the following question of state law to the Oregon Supreme Court:

**<u>Question:</u>**

**ORS 249.875(1) contains a 90-day limitation for gathering recall petition signatures. Does the Oregon Constitution, and particularly Article II, section 18, grant the legislature the authority to set a time limit for gathering signatures for a recall petition?**

Counsel for the parties conferred in good faith by telephone and email multiple times over the past few months regarding this motion, and have substantially narrowed the issues for the Court's consideration. First, the parties agree on the form of the proposed certified question (above). Second—with one exception—the parties agree that all certification factors are met. Thus, the only contested issue for this Court's consideration is whether the "may be determinative of the cause" certification factor is met.

This motion is supported by the following memorandum of law.

PLAINTIFFS' MOTION TO CERTIFY QUESTION OF STATE LAW TO THE OREGON     i
SUPREME COURT

**Memorandum**

## I.    Introduction.

For the reasons explained in Plaintiffs' Response to State of Oregon's Motion to Dismiss Third Amended Complaint (ECF 83), it is impossible to resolve Plaintiffs' federal claim until their state law claim is resolved. And it's impossible to resolve the state law claim until the scope of the recall right under the Oregon Constitution is clarified. The Oregon Supreme Court should provide that clarification.

The proposed certified question relates to the intersection of ORS 249.875(1) and Article II, section 18 of the Oregon Constitution, which provide in full as follows:

**Or. Rev. Stat. 249.875(1):**

"A recall petition shall be void unless completed and filed not later than the 100th day after filing the prospective petition described in ORS 249.865. **Not later than the 90th day after filing the prospective petition the petition shall be submitted to the filing officer** who shall verify the signatures not later than the 10th day after the submission. The filed petition shall contain only original signatures. A recall petition shall not be accepted for signature verification if it contains less than 100 percent of the required number of signatures. The petition shall not be accepted for filing until 100 percent of the required number of signatures of electors have been verified."

(Bolding added).

**Oregon Constitution, Article II, section 18:**

"Recall; meaning of words 'the legislative assembly shall provide.'

"(1) Every public officer in Oregon is subject, as herein provided, to recall by the electors of the state or of the electoral district from which the public officer is elected.

"(2) Fifteen per cent, but not more, of the number of electors who voted for Governor in the officer's electoral district at the most recent election at which a candidate for Governor was elected to a full term, may be required to file their petition demanding the officer's recall by the people.

"(3) They shall set forth in the petition the reasons for the demand.

"(4) If the public officer offers to resign, the resignation shall be accepted and take effect on the day it is offered, and the vacancy shall be filled as may be provided by law. If the public officer does not resign within five days after the petition is filed, a special election shall be ordered to be held within 35 days in the electoral district to determine whether the people will recall the officer.

"(5) On the ballot at the election shall be printed in not more than 200 words the reasons for demanding the recall of the officer as set forth in the recall petition, and, in not more than 200 words, the officer's justification of the officer's course in office. The officer shall continue to perform the duties of office until the result of the special election is officially declared. If an officer is recalled from any public office the vacancy shall be filled immediately in the manner provided by law for filling a vacancy in that office arising from any other cause.

"(6) The recall petition shall be filed with the officer with whom a petition for nomination to such office should be filed, and the same officer shall order the special election when it is required. No such petition shall be circulated against any officer until the officer has actually held the office six months, save and except that it may be filed against a senator or representative in the legislative assembly at any time after five days from the beginning of the first session after the election of the senator or representative.

"(7) After one such petition and special election, no further recall petition shall be filed against the same officer during the term for which the officer was elected unless such further petitioners first pay into the public treasury which has paid such special election expenses, the whole amount of its expenses for the preceding special election.

"(8) Such additional legislation as may aid the operation of this section shall be provided by the legislative assembly, including provision for payment by the public treasury of the reasonable special election campaign expenses of such officer. But the words, "the legislative assembly shall provide," or any similar or equivalent words in this constitution or any amendment thereto, shall not be construed to grant to the legislative assembly any exclusive power of lawmaking nor in any way to limit the initiative and referendum powers reserved by the people."

II.      **Legal standard for certification to the Oregon Supreme Court.**

Local Rule 83-14(a) provides that: "For purposes of this rule, the Court is guided by the certification criteria set forth in *Western Helicopter Services, Inc., v. Rogerson Aircraft Corporation*, 311 Or. 361, 811 P.2d 627 (1991) [("*Western Helicopter)"*]." There are five mandatory statutory certification criteria discussed in *Western Helicopter*. 311 Or. at 364-65. Those five factors are derived from ORS 28.200 and are as follows:

(1) The certification must come from one of the courts designated in the statute (which includes Federal District Courts);

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO CERTIFY          2
QUESTION OF LAW TO THE OREGON SUPREME COURT

(2) The question must be one of law;

(3) The applicable law must be Oregon law;

(4) The question must be one that "may be determinative of the cause," which means that the Oregon Supreme Court's answer to the question "must, in one or more of the forms it could take, have the potential to determine at least one claim in the case"; and

(5) It must appear to the certifying court that there is no controlling precedent in the decisions of the Oregon Supreme Court or the Oregon Court of Appeals.

*Western Helicopter*, 311 Or. at 364-65. All five factors must be met for the Oregon Supreme Court to accept a certified question. *Id.* at 366.

### III.    The *Western Helicopter* factors favor certification.

The parties conferred and reached agreement that all certification factors are satisfied. Except one. The State and City won't agree that an answer to the certified question "may be determinative of the cause." The parties were unable to reach agreement on that factor because the State and the City believe this case should be dismissed; if it is dismissed, then certification cannot occur and an answer from the Oregon Supreme Court—of course—cannot determine any claim in this case.

Plaintiffs agree that dismissal of this case would preclude certification. But if the Court reaches this motion to certify, it means that the Court rejected the pending motion to dismiss. And if this case is not dismissed, then an answer to the certified question from the Oregon Supreme Court would determine at least one claim in this case because it would *resolve* Plaintiffs' state law claim under the Oregon Constitution. That much is undisputed, and it satisfies the final *Western Helicopter* factor.

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO CERTIFY                     3
QUESTION OF LAW TO THE OREGON SUPREME COURT

The answer to the certified question has the potential to determine at least one claim in this case because the question squarely addresses Plaintiffs' facial challenge to ORS 249.875(1) under the first claim for relief ("Violations of Or. Const., Art. II, § 18 – Undue Burden on Recall Right," ECF 76 at 15). The Oregon Supreme Court's answer to the certified question therefore has not only the *potential* to determine that claim, but the answer undoubtedly *will* determine the claim. Either the Oregon Supreme Court will decide that the statute is inconsistent with the Oregon Constitution, in which case Plaintiffs will prevail on their facial challenge, or the Oregon Supreme Court will determine that the statute is *not* inconsistent with the Oregon Constitution, in which case Plaintiffs will fail on their facial challenge. In either event, the facial challenge claim will be determined by an answer from the Oregon Supreme Court.

Because the answer to the certified question will resolve at least one of the claims in this case, this factor is satisfied and favors certification.

**CONCLUSION**

Plaintiffs respectfully request that this Court certify the proposed certified question to the Oregon Supreme Court. The State and City do not seriously oppose certification. Indeed, except for restating their position that this case should be dismissed, the State and City agree that certification is otherwise appropriate under the *Western Helicopter* factors.

Respectfully submitted this 25th day of February 2026.

 *s/ Jesse A. Buss*
Jesse A. Buss, OSB # 122919
Willamette Law Group, PC
411 Fifth Street, Oregon City OR 97045-2224
Tel: 503-656-4884
Fax: 503-608-4100
Email: jesse@WLGpnw.com
*Attorney for Plaintiffs*

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO CERTIFY          4
QUESTION OF LAW TO THE OREGON SUPREME COURT