DAN RAYFIELD
Attorney General
THOMAS H. CASTELLI #226448
Senior Assistant Attorney General
SHAUNEE MORGAN #194256
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Thomas.Castelli@doj.oregon.gov
        Shaunee.Morgan@doj.oregon.gov

Attorneys for Intervenor State of Oregon

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| COMMITTEE TO RECALL DAN HOLLADAY, JEANA GONZALES, and ADAM MARL, | Case No.  3:20-CV-01631-YY |
| Plaintiffs, | INTERVENOR DEFENDANT'S RESPONSE TO MOTION TO CERTIFY |
| v. | |
| JAKOB WILEY, City Recorder for Oregon City, in his official capacity, | |
| Defendant, | |
| and | |
| STATE OF OREGON | |
| Intervenor. | |

Page 1 -   INTERVENOR DEFENDANT'S RESPONSE TO MOTION TO CERTIFY

## I.     INTRODUCTION

Both this Court and the Ninth Circuit held that Plaintiffs' Second Amended Complaint failed to allege facts sufficient to show that the 90-day time limit "imposes severe burdens" on the ability to place a recall petition on the ballot. ECF 52 at 43-44; *Comm. to Recall Dan Holladay v. Wiley*, Case No. 23-35107, 2024 WL 1854286 at * 2 (9th Cir. April 29, 2024). Plaintiffs filed a third amended complaint, adding no new factual allegations to cure this deficiency. Intervenor Defendant State of Oregon moved to dismiss the Third Amended Complaint for failure to state a claim. *See* ECF 79. Plaintiffs now ask the Court to certify a state law question to the Oregon Supreme Court. For the same reasons that Plaintiffs fail to state a claim for a deprivation of a federal right, their Motion to Certify fails. Plaintiffs fail to meet the fourth requirement for certification set forth in *W. Helicopter Servs*. v. *Rogerson Aircraft Corp.*, 311 Or. 361, 364 (1991) because the question Plaintiffs propose to certify will not be determinative of their claim in this case. *See id*. at 365. The Court should deny Plaintiffs' Motion to Certify and grant the State's Motion to Dismiss,

## II.     LEGAL STANDARD

Oregon law provides five mandatory statutory prerequisites for certification: "(1) [t]he certification must come from a designated court; (2) the question must be one of law; (3) the applicable law must be Oregon law; (4) the question must be one that "may be determinative of the cause;" and (5) it must appear to the certifying court that there is no controlling precedent in the decisions of this court or the Oregon Court of Appeals." *W. Helicopter Servs.*, 311 Or. at 364. At issue in this motion is the fourth requirement. To meet this requirement, "the question must be one whose answer may determine the cause, mean[ing] that our decision must, in one or more of the forms it could take, have the potential to determine at least one claim in the case." *Id.* at 365. The parties agree that the other factors are satisfied.

If the statutory requirements are met, the Oregon Supreme Court decides whether, "in the exercise of its discretion, [to] accept certification…." *Id*. at 366. Local Rule 83-14(a) adopts the

Page 2 -   INTERVENOR DEFENDANT'S RESPONSE TO MOTION TO CERTIFY
TC3/sv3/1014607665

*Western Helicopter Services* factors for certification. Even if a question meets the Oregon Supreme Court's criteria for certification, however, "[u]se of the certification procedure in any given case 'rests in the sound discretion of the federal court.'" *Micomonaco v. State of Wash.*, 45 F.3d 316, 322 (9th Cir. 1995) (quoting *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974)). Under this Court's local rules, the Chief Judge is ultimately responsible for certifying questions to the Oregon Supreme Court. LR 83-14(b)(2)(B).

### III.    ARGUMENT

Plaintiffs cannot satisfy the fourth factor because no matter how the proposed certified question is answered, they cannot prove a violation of a federal right. According to Plaintiffs, the viability of their federal claims relies completely on their state law challenge to ORS 249.875. They argue that if the time limit fails under the Oregon Constitution, then it must fail under the federal constitution. *See* ECF 83 at 5-6. This reliance is misplaced. Plaintiffs fail to address case law that holds that their 42 U.S.C. § 1983 claims must be premised on a violation of a *federal right* and not "a state-created interest that reaches beyond that guaranteed by the federal Constitution." *Lovell By & Through Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370–71 (9th Cir. 1996).

Whether Plaintiffs' federal rights are violated turn whether they can meet the test set forth in *Angle v. Miller*, 673 F.3d 1122, 1132 (9th Cir. 2012), and not on the possibility that an Oregon court may decide that election officials cannot, under state law, require a 90-day limit. Plaintiffs argue that if the state court finds that the 90-day limit is not authorized by the Oregon Constitution, then the State would not be able to show a sufficient governmental interest. *See* ECF 83 at 7. However, this inquiry is not relevant to whether Plaintiffs can maintain a federal civil rights action under 42 U.S.C. § 1983.

"To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." *Lovell*, 90 F.3d at 370–71. To evaluate whether Plaintiffs state a claim for

Page 3 -    INTERVENOR DEFENDANT'S RESPONSE TO MOTION TO CERTIFY

deprivation of their *federal* rights, the Court should look to what *federal* law requires. Here the violation of a federal right can be proven only in the absence of a "State's important regulatory interests," which will usually be enough to justify reasonable, nondiscriminatory restrictions of a First Amendment violation. *Angle*, 673 F.3d at 1132. In this case, the Ninth Circuit held that the 90-day limit "serves the important regulatory interest[s]" of "ensuring that the recall effort has sufficient grassroots support before holding a recall election" and "preventing abuse of the recall process." *Committee to Recall Dan Holladay*, 2024 WL 1854286 at *2-3. This holding is true for the purpose of analyzing a violation of a federal right no matter what the Oregon Supreme Court may ultimately determine about the limits on the Oregon Legislative Assembly's powers under the Oregon Constitution.

The Court need not, and should not, consider whether Oregon courts may, for reasons entirely divorced from a federal constitutional claim, determine that the Oregon Constitution does not authorize a 90-day limit. To do so would impermissibly extend the relief available under § 1983 to a violation of a state interest that provides greater protection than required by the federal constitution. A ruling that the Oregon Constitution prohibits a time limit does not compel a finding, in the federal context, that the state no longer has an important regulatory interest in ensuring grassroots support and preventing abuse of the recall process. To do so would lead to a patchwork application of federal law dependent upon how the state courts define a state right.

For example, the Nevada Supreme Court interpreted a nearly identical provision of the Nevada Constitution. *See Citizens for Honest & Responsible Gov't v. Sec'y of State*, 116 Nev. 939, 948 (2000). For a successful recall petition, the Nevada Constitution requires signatures from not less than twenty-five percent (25%) of the voters who voted in the election in which the official was elected. *See* Nev. Const. Art. 2, § 9. At the time, Nevada statutes limited the circulation period for a recall petition to 60 days. *See Citizens for Honest & Responsible Gov't*, 116 Nev. at 943. The Nevada Supreme Court held that "by furthering the efficient administration of the recall right and helping to ensure that the right is used for its intended purposes, we

Page 4 -   INTERVENOR DEFENDANT'S RESPONSE TO MOTION TO CERTIFY

Case 3:20-cv-01631-YY   Document 92   Filed 03/20/26   Page 5 of 6

conclude that the sixty-day limitation safeguards the recall rights, and thus 'aids in the operation thereof.'" *Id*. at 948. Assuming Plaintiffs were successful in their state law claims in Oregon court – and this Court treated the viability of their federal claims as dependent on the resolution of those state claims – Plaintiffs' theory would create different federal rights in different states. A person seeking redress in federal court in Nevada for federal rights associated with recall petitions, as set forth in *Angle* and in the Ninth Circuits ruling in this case, would be different than a person seeking redress of the same right in Oregon, despite both states being in the Ninth Circuit.

This why a § 1983 claim only creates a cause of action for violation of a federal right, unfettered from state law. The Ninth Circuit faced this issue in *Roybal v. Toppenish Sch. Dist.,* 871 F.3d 927 (9th Cir. 2017). Under federal law, the due process clause requires notice and an opportunity to be heard in the case of a deprivation of a property interest. *Id*. Washington state law goes well beyond notice and a hearing for school district employees, who were entitled to notice and a "trial-like predeprivation hearing," including discovery and witnesses, when faced with an adverse employment action. *Id*. at 933. The court held that "Washington law, therefore, provides greater protection than federal law and the district court erred in resting its analysis on a violation of state law." *Id.*

## IV.   CONCLUSION

Because a decision of the proposed certified question would not save Plaintiffs' federal constitutional claims, Plaintiffs fail to meet the fourth *Western Helicopter Services* requirement. If Plaintiffs were to receive a ruling from an Oregon court that the 90-day limit is not authorized under the state constitution, they would still fail to meet the federal standard. Therefore, the question presented would not be determinative of Plaintiffs' claim before this Court. For these

Page 5 -   INTERVENOR DEFENDANT'S RESPONSE TO MOTION TO CERTIFY

TC3/sv3/1014607665

100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

reasons, and for the reasons set forth in Intervenor Defendant's Motion to Dismiss, ECF 83, the Court should deny Plaintiffs' Motion to Certify.

DATED March 20 , 2026.

Respectfully submitted,

DAN RAYFIELD
Attorney General

*s/ Thomas H. Castelli*
THOMAS H. CASTELLI #226448
Senior Assistant Attorney General
SHAUNEE MORGAN #194256
Assistant Attorney General
Trial Attorney
Tel (971) 673-1880
Fax (971) 673-5000
Thomas.Castelli@doj.oregon.gov
Shaunee.Morgan@doj.oregon.gov
Of Attorneys for Intervenor State of Oregon

Page 6 -    INTERVENOR DEFENDANT'S RESPONSE TO MOTION TO CERTIFY