JESSE A. BUSS, OSB # 122919
WILLAMETTE LAW GROUP, PC
411 Fifth Street
Oregon City OR 97045-2224
Tel: 503-656-4884
Fax: 503-608-4100
Email: jesse@WLGpnw.com

Attorney for Plaintiffs
COMMITTEE TO RECALL DAN HOLLADAY,
JEANA GONZALES, and ADAM MARL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**COMMITTEE TO RECALL DAN HOLLADAY, JEANA GONZALES,** and **ADAM MARL,**

Plaintiffs,

vs.

**JAKOB WILEY**, City Recorder for Oregon City, in his official capacity,

Defendant,

and

**STATE OF OREGON,**

Intervenor.

Case No. 3:20-cv-01631-YY

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO CERTIFY QUESTION OF STATE LAW TO THE OREGON SUPREME COURT**

The state and city are confusing the issues, using their response to plaintiffs' motion to certify to rehash their view that the case should be dismissed. But if the court reaches the motion to certify, it will have already denied the motion to dismiss. And as noted in the motion to certify (ECF 89 at 5), the parties have conferred and agree that most certification factors are met; they

only disagree about the fourth factor, namely whether the certified question is one that "may be determinative of the cause," meaning that the Oregon Supreme Court's answer to the question "must, in one or more of the forms it could take, have the potential to determine at least one claim in the case." *Western Helicopter Services, Inc., v. Rogerson Aircraft Corporation*, 311 Or. 361, 364-65 (1991). The state and city's response does not seriously dispute that this factor is met.

On this issue the state and city argue—and argue only—that "Plaintiffs cannot satisfy the fourth [*Western Helicopter*] factor because no matter how the proposed certified question is answered, they cannot prove a violation of a federal right." ECF 92 at 3. That argument goes to the state and city's motion to dismiss, not the fourth *Western Helicopter* factor, which asks if an answer to the certified question may resolve any claim in the case. As explained in plaintiffs' motion to certify, an answer to the certified question will answer at least plaintiffs' state law claim, satisfying the fourth factor. ECF 89 at 6.

Because the parties agree that all other certification requirements are met, and the contested fourth factor is met, this court should certify the agreed-upon certified question to the Oregon Supreme Court.

Respectfully submitted this 21st day of April 2026.

*s/ Jesse A. Buss*

Jesse A. Buss, OSB # 122919
Willamette Law Group
411 Fifth Street, Oregon City OR 97045-2224
Tel: 503-656-4884
Fax: 503-608-4100
Email: jesse@WLGpnw.com
*Attorney for Plaintiffs*